# COBB *v.* GOEBEL.

PATENTS; INTERFERENCE; PRIORITY OF INVENTION; DISCLOSURE.

1. An appellant in an interference case, who is the junior applicant with the burden of proof therefore upon him, and who also has the unanimous concurrence of all the tribunals of the Patent Office against him, must make out a very clear case in this Court.
2. Conception and disclosure of the issue in an interference case is not established on behalf of one of the parties, whose witnesses called upon to corroborate him as to disclosure of the invention make it appear that he had in mind the result to be accomplished but not the means by which it was to be done.
3. Where the record date of the application for a patent of one of the parties to an interference and consequently his reduction to practice preceded his rival's reduction to practice, the latter can only prevail, if he succeeds at all, by showing conception of the invention prior to the conception of his adversary.

No. 236. Patent Appeals. Submitted November 13, 1903. Decided January 5, 1904.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference case. *Affirmed.*

The facts are sufficiently stated in the opinion of the Court.

*Mr. William Raimond Baird* for the appellant.

*Mr. R. A. Parker* and *Mr. L. S. Bacon* for the appellee.

Mr. Justice MORRIS delivered the opinion of the Court:

This is an appeal from the decision of the Commissioner of Patents in an interference case. The subject-matter of controversy is a bottle-washing machine, set forth in seven several counts, when in our opinion, one or two would have been sufficient. These counts are:

"1. In combination with an endless band, means thereon for holding bottles substantially as described, traveling wheels over which said band travels and carries the bottles, a roller operated on the interior of said band. and so adjusted in relation thereto as to eject the bottles from said holders.

"2. In a bottle-washing machine, the combination with two tanks of an endless carrying-band provided with means for holding the bottles to be washed, means for maintaining a portion of said band submerged in one of said tanks with the mouths of the carried bottles uppermost, means for guiding said carrier over and in close proximity to said other tank, an idler-wheel over which said band passes so positioned as to cause the carrying-band to turn the bottles with their mouths downward over the first-mentioned tank and to direct the carrying-band from the first tank over the second-mentioned tank, and means for ejecting the bottles mouth uppermost directly into the second tank.

"3. In a bottle-cleansing apparatus, a liquid-tank and an endless bottle-carrier supported in said tank, and a roller over which said carrier passes constructed to press on the heads of the bottles and forcibly release them from the carrier.

"4. In a bottle-cleansing apparatus, the primary and the secondary tanks, the endless bottle-carrier and the wheels supporting said carrier in said tanks, and an intermediate wheel around which the carrier passes and the bottles are inverted, and means on said carrier to grip and suspend the bottles by their necks.

"5. In a bottle-cleansing apparatus, the primary and secondary cleansing-tanks, the endless chains having bottle-carrying sections thereon supported to travel within and over said tanks, and a discharge-roller over said secondary tank to eject the bottles from their carrying-sections.

"6. In a bottle-cleansing apparatus, the liquid-tanks and the endless chains having bottle-carrying sections therein supported to travel within and over said tanks, sprocket-wheels for said chains arranged to carry the sections and bottles thereon through one tank and back over the same in inverted position and thence to the other tank, and a discharge-roller over said last tank to eject the bottles from said carrier.

"7. In a bottle-cleansing apparatus, a primary cleansing-tank and a bottle-carrier supported to travel within and above said tank, and a discharge-roller for said carrier constructed to eject the bottles and discharge them outside said tank."

Fritz Goebel, the appellee, is the senior applicant. His application for a patent was filed in the Patent Office on August 9, 1900; that of William B. Cobb was filed on September 26, 1900, about one month and a half later. Goebel claims in his preliminary statement that he conceived the invention about August 1, 1899, and reduced it to practice about October 1, 1899; but reliance seems to be placed rather upon his record date of application as a constructive reduction to practice before there was any conception of the invention by Cobb. The latter claims conception of the invention about April 1, 1900, and reduction to practice about October 1, 1900. In the testimony on his behalf there was an effort to show that Goebel derived his idea of the invention from him, and therefore that Goebel was not an original inventor at all.

All three of the tribunals of the Patent Office decided in favor of Goebel, and awarded to him judgment of priority of invention. From the Commissioner's decision to that effect Cobb has appealed to this court.

The appellant comes here with the burden upon him of being the junior applicant, and the burden also of the unanimous concurrence of all the tribunals of the Patent Office against him. We have repeatedly held that under such circumstances it behooves an appellant to make out a very clear case on his behalf. We do not find that he has done so in the voluminous briefs, almost as extensive as the record, which he has filed; and we find no reason whatever to disturb the decision of the Commissioner of Patents in the case. All the decisions of the tribunals of the Patent Office have proceeded upon the same lines; and the only question is one of fact.

Assuming the date of the application of the appellee Goebel, August 9, 1900, as that both of his conception and reduction to practice of the invention, the Commissioner finds that there was no reduction to practice by the appellant before that date, and

consequently awards judgment of priority of invention to Goebel. The three witnesses, to whom Cobb, the appellant, claims to have made disclosure of his invention about the latter part of March, 1900, do not support his statement. One of them, Frank B. Anderson, testifies that at that time Cobb "had not worked out the technical part" of his invention. This means, of course, that, while he knew what he desired to do, as numerous other parties interested knew, he had not devised the mode of its accomplishment. Another of the witnesses says that Cobb did not state at the time of the alleged disclosure "how he was going to carry and discharge the bottles." This was evidently no disclosure of any invention. A third witness, who testifies that Cobb explained the invention verbally to him, and also made pencil sketches for him, and who was the person most desirous to have the machine constructed, yet says that he was not favorably impressed with the idea at the time, and that the sketches were thrown away as valueless.

The Commissioner finds, and we fully agree with him, that there is no sufficient evidence that the appellant was possessed of the invention before August 24, 1900; and that, inasmuch as this was two weeks after the record date of the filing of Goebel's application, it can be of no service to the appellant.

It is evident that in any event the record date of Goebel's application for a patent, and consequently his constructive reduction of the invention to practice, preceded Cobb's reduction to practice; and the latter can only succeed, if he succeeds at all, by showing conception of the invention prior to Goebel's conception of it. But the testimony on his part would not carry his conception back before the early part of April, 1900, while testimony, at least equally convincing, on the part of Goebel tends to prove that he had an adequate conception of it in the latter part of March of the same year,—perhaps within a few days after March 12, according to the testimony of one or two of his witnesses. The testimony on both sides is somewhat vague. It is evident, of course, that both men were working from and after March, 1900, to remedy an acknowledged defect in the machines then and previously in use. But, apart even from the prior re-

duction to practice by Goebel on August 9, 1900, by the filing of his application for a patent, the preponderance of testimony, so far as there is any, inclines in favor of Goebel, and tends to prove conception by him in March of 1900, some short time before the earliest date of conception that can reasonably be claimed upon the record for Cobb.

We think that the decision of the Commissioner of Patents was right, and that it should be affirmed.

Judgment of priority of invention is awarded in favor of the appellee Goebel.

The clerk of the court will certify this opinion, and the proceedings in this court in the premises, to the Commissioner of Patents according to law.                              *Affirmed.*